**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> OLD REPUBLIC INSURANCE COMPANY, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiff, The Charter Oak Fire Insurance Company ("Charter Oak"), by and through its undersigned attorneys, for its Complaint for Declaratory Judgment and Other Relief states as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment and reimbursement arising from the refusal of Old Republic Insurance Company ("Old Republic") to defend and indemnify its own additional insured — St. Joseph's Preparatory School ("St. Joseph's") — under a commercial general liability ("CGL") policy issued to First Student, Inc. ("First Student"), St. Joseph's transportation contractor.

2.      Charter Oak is the insurer of St. Joseph's and has been funding St. Joseph's defense in the underlying lawsuit captioned *Elliot Harrigan, on behalf of his minor son J.H. v. St. Joseph's Preparatory School, et al.*, No. 25:0502549 in the Court of Common Pleas, Philadelphia County, Pennsylvania  (the "Underlying Action"), despite the fact that Old Republic — not Charter Oak — is obligated to provide that defense on a primary and non-contributory basis.

3.      Charter Oak seeks a declaration that: (a) St. Joseph's qualifies as an additional insured under Old Republic's CGL policy; (b) Old Republic owes St. Joseph's a duty to defend in the Underlying Action on a primary and non-contributory basis; (c) Old Republic owes St. Joseph's a duty to indemnify on a primary and non-contributory basis for any judgment, settlement, or liability arising from the Underlying Action to the extent caused by First Student's acts or omissions and (d) Old Republic must reimburse Charter Oak for all defense costs Charter Oak has advanced on behalf of St. Joseph's from and after August 21, 2024, the date of the first tender to First Student and Old Republic.

## THE PARTIES

4.      Plaintiff Charter Oak is a Connecticut corporation with its principal place of business located at One Tower Square, Hartford, Connecticut.  Charter Oak is licensed to conduct business in the Commonwealth of Pennsylvania and is the insurer of St. Joseph's Preparatory School.

5.      Defendant Old Republic is a Pennsylvania corporation with its principal place of business located in Mt. Pleasant, Pennsylvania.  Old Republic is the insurer of First Student.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, given the defense costs already incurred and the scope of the indemnity obligations at issue.

7.      This Court has personal jurisdiction over Defendant by virtue of its incorporation in the forum state and because Defendant is doing business in in the Commonwealth of Pennsylvania.

8.      This Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, as an actual and justiciable controversy exists between the parties regarding their respective rights and obligations under the Old Republic Policy.

9.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in this judicial district because a substantial part of the events relating to this action occurred in this district and the Underlying Action is pending in this District.

## FACTUAL BACKGROUND

10.     On or about May 20, 2025, Elliot Harrigan, on behalf of J.H., a minor, filed his complaint in the Underlying Action ("Complaint").  A true and correct copy of the Complaint is attached hereto as Exhibit A.

11.     The Complaint alleges that on or about September 19, 2022, fourteen-year-old J.H. was assaulted by a fellow fourteen-year-old student, C.M., while both students were being transported from St. Joseph's Preparatory School to football practice by First Student, St. Joseph's contracted transportation vendor.

12.     The complaint in the Underlying Action alleges that the defendants were negligent in failing to supervise the students, and that as "a direct and proximate result of the negligent, careless and/or reckless conduct of the aforesaid Defendants, whether individually and/or jointly and severally, Minor Plaintiff [J.H.] suffered serious and permanent personal injuries."

13.     Charter Oak, as St. Joseph's insurer, has been providing and funding St. Joseph's defense in the Underlying Action.

## The Transportation Services Agreement

14.     St. Joseph's and First Student are parties to a Transportation Services Agreement (the "Agreement") governing First Student's provision of student transportation services.  A true and correct copy of the Agreement is attached hereto as Exhibit B.

15.     Section 8.1 of the Agreement contains an indemnification provision under which First Student agreed to indemnify, hold harmless, and defend St. Joseph's from and against claims arising from or caused by First Student's gross negligence in the performance of the Agreement, except to the extent a claim arises from the negligence or willful misconduct of St. Joseph's or its agents, or from student-upon-student violence or rioting.

16.     Section 9.1 of the Agreement contains a separate and independent insurance requirement obligating First Student to, at its expense, procure and maintain CGL and automobile liability insurance during the term of the Agreement. Specifically:

a. First Student was required to provide CGL limits of not less than $10,000,000 per occurrence and in the aggregate for bodily injury and property damage, and $10,000,000 per occurrence and in the aggregate for personal injury;

b. Upon request, First Student agreed to designate St. Joseph's as an **additional insured** on both the CGL and automobile liability programs;

c. The Agreement expressly required that the CGL and automobile liability coverages be provided **on a primary and non-contributory basis** to any insurance carried by St. Joseph's; and

d. The Agreement specified that the CGL policy must not contain any exclusion for sexual abuse and molestation.

## The Old Republic CGL Policy

17.      Old Republic issued to First Student Commercial General Liability Policy No. MWZY 316837 22, effective April 1, 2022 through April 1, 2023 (the "Policy"), which was in

4

force on the date of the incident alleged in the Underlying Action.  A true and correct copy of the Policy is attached hereto as Exhibit C.

18.     The Policy includes Endorsement CG 20 26 12 19 – Additional Insured – Designated Person or Organization (the "Additional Insured Endorsement"), which amends Section II of the Policy to include as an additional insured:

> "Any person or organization whom you become obligated to include as an additional insured as a result of any contract or agreement you have entered into."

19.     The Additional Insured Endorsement provides coverage to additional insureds "but only with respect to liability for 'bodily injury,' 'property damage,' or 'personal and advertising injury' caused, in whole or in part, by [First Student's] acts or omissions or the acts or omissions of those acting on [First Student's] behalf".

20.     By virtue of Section 9.1 of the Agreement, St. Joseph's qualifies as an additional insured under the Additional Insured Endorsement, as First Student contractually obligated itself to designate St. Joseph's as an additional insured.

21.     The Policy also includes Endorsement CG 20 01 12 19 – Primary and Noncontributory – Other Insurance Condition (the "Primary and Noncontributory Endorsement"), which provides that Old Republic's insurance is primary to, and will not seek contribution from, any other insurance available to an additional insured, provided that: (1) the additional insured is a named insured under such other insurance; and (2) the named insured has agreed in writing in a contract or agreement that its insurance would be primary and would not seek contribution from the additional insured's insurance.

22.     Both conditions of the Primary and Noncontributory Endorsement are satisfied here: St. Joseph's is a named insured under its Charter Oak policy, and Section 9.1 of the

5

Agreement expressly requires that First Student's CGL coverage be provided on a primary and non-contributory basis to any insurance carried by St. Joseph's.

### Tender, Denial and Charter Oak's Continued Defense Expenses

23.     On August 21, 2024, Charter Oak, on behalf of St. Joseph's, tendered the defense of St. Joseph's in the Underlying Action to First Student and its insurer, Old Republic.  A true and correct copy of the August 21, 2024 tender letter is attached hereto as Exhibit D.

24.      Having received no adequate response, Charter Oak sent a second tender letter on May 29, 2025.  A true and correct copy of the May 29, 2025 second tender letter is attached hereto as Exhibit E.

25.     On September 15, 2025, First Student responded to the tender and denied coverage, asserting that the indemnification provision of Section 8.1 of the Agreement excludes coverage for claims involving student-upon-student violence.  A true and correct copy of the September 15, 2025 tender response letter is attached hereto as Exhibit F.

26.     First Student's denial erroneously conflated the indemnification provision of Section 8.1 with the separate and independent insurance requirements set forth in Section 9.1 of the Agreement. The student-upon-student violence carve-out in Section 8.1 is a limitation on First Student's personal indemnity obligations; it does not restrict First Student's contractual obligation under Section 9.1 to procure additional insured coverage for St. Joseph's on a primary and non-contributory basis.

27.     First Student's denial did not address St. Joseph's rights as an additional insured under the Policy, or Old Republic's independent obligations under the Policy's endorsements.

28.     Old Republic has not accepted the tender, has not assumed St. Joseph's defense in the Underlying Action, and has not reimbursed any defense costs.

29.    Since the date of the first tender, Charter Oak has continued to fund St. Joseph's defense in the Underlying Action, incurring defense costs that are rightfully Old Republic's obligation to bear as the primary and non-contributory insurer.

## COUNT I - DECLARATORY JUDGMENT: DUTY TO DEFEND

30.    Charter Oak realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 28.

31.    Under Pennsylvania law, the duty to defend is broader than the duty to indemnify and is triggered when the allegations of the underlying complaint, taken as true, give rise to a reasonable possibility that coverage exists under the policy.

32.    The duty to defend under an additional insured endorsement providing coverage for liability "caused, in whole or in part" by the named insured's acts or omissions requires analysis of whether the underlying complaint alleges that the named insured's negligence was a proximate cause of the plaintiff's injuries.

33.    The Complaint in the Underlying Action expressly alleges that J.H.'s injuries were the direct and proximate result of the negligent, careless, and/or reckless conduct of all defendants, including First Student, jointly and severally. This allegation is sufficient to trigger Old Republic's duty to defend St. Joseph's as an additional insured under the Policy.

34.    The indemnification carve-out in Section 8.1 of the Agreement does not govern and does not limit the separate and independent insurance obligations set forth in Section 9.1. Old Republic's obligations to St. Joseph's as an additional insured arise independently from the Policy's endorsements and the insurance requirements of Section 9.1.

35. Old Republic's Policy is primary to and non-contributory with Charter Oak's policy with respect to St. Joseph's defense, as required by both the Primary and Noncontributory Endorsement and Section 9.1 of the Agreement.

36. An actual and justiciable controversy exists between Charter Oak and Old Republic regarding Old Republic's obligation to defend St. Joseph's in the Underlying Action.

37. Charter Oak is entitled to a declaration that Old Republic must defend St. Joseph's in the Underlying Action as an additional insured on a primary and non-contributory basis.

## COUNT II – REIMBURSEMENT OF DEFENSE COSTS

38. Charter Oak realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 36.

39. Old Republic's duty to defend St. Joseph's was triggered no later than August 21, 2024, the date of Charter Oak's first tender.

40. Because Old Republic's Policy is primary and non-contributory, Charter Oak has no obligation to contribute to St. Joseph's defense costs in the Underlying Action. Notwithstanding this, Charter Oak has been and continues to fund St. Joseph's defense as a result of Old Republic's improper refusal to honor its obligations.

41. Charter Oak is entitled to a declaration that Old Republic must reimburse Charter Oak for all reasonable defense costs advanced on behalf of St. Joseph's in the Underlying Action from and after August 21, 2024, together with interest thereon.

## COUNT III - DECLARATORY JUDGMENT: DUTY TO INDEMNIFY

42. Charter Oak realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 40.

43.     To the extent liability is imposed upon St. Joseph's in the Underlying Action for bodily injury caused in whole or in part by the acts or omissions of First Student or those acting on its behalf, Old Republic is obligated to indemnify St. Joseph's under the Policy on a primary and non-contributory basis.

44.     Charter Oak is entitled to a declaration that Old Republic must indemnify St. Joseph's for any judgment, settlement, or other liability imposed in the Underlying Action to the extent caused by First Student's acts or omissions, and that Old Republic's indemnity obligation is primary to and non-contributory with any coverage obligation of Charter Oak.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Charter Oak Fire Insurance Company respectfully requests that this Court enter judgment in its favor and against Old Republic Insurance Company, and grant the following relief:

**A.** A declaration that St. Joseph's qualifies as an additional insured under Old Republic Policy No. MWZY 316837 22 pursuant to Endorsement CG 20 26 12 19;

**B.** A declaration that Old Republic owes St. Joseph's a duty to defend in the Underlying Action on a primary and non-contributory basis;

**C.** A declaration that Old Republic's coverage obligation is primary to and non-contributory with Charter Oak's coverage under its policy with St. Joseph's;

**D.** A declaration that Old Republic is obligated to reimburse Charter Oak for all reasonable defense costs advanced on behalf of St. Joseph's from and after August 21, 2024, together with interest thereon;

**E.** A declaration that Old Republic owes a duty to indemnify St. Joseph's on a primary and non-contributory basis for any judgment, settlement, or liability arising from the Underlying Action to the extent caused by First Student's acts or omissions;

**F.** An award of attorneys' fees and costs incurred in prosecuting this action, to the extent permitted by law; and

9

**G.** Such other and further relief as this Court deems just and proper.

Dated: Blue Bell, PA
       March 19, 2026

**USERY & ASSOCIATES**

By: /s/ *Michael J. McLaughlin*
Michael J. McLaughlin Esq.
Tel: 917.778.6680
Fax: 844.571.3789
Email: mjmclaug@travelers.com
Please address all correspondence sent by
mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
10 Sentry Parkway, Suite 300
Blue Bell, PA 19422
*Attorneys for Plaintiff the Charter Oak
Fire Insurance Company*